NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 26, 2013[*]
Decided September 26, 2013

**Before**

WILLIAM J. BAUER, *Circuit Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 13-1218

| | |
|---|---|
| DARRIN A. GRUENBERG, *Plaintiff-Appellant*, | Appeal from the United States District Court for the Western District of Wisconsin. |
| *v.* | No. 11-cv-574-slc |
| DUSTIN KINGSLAND and STEVEN MUELLER, *Defendants-Appellees*. | Stephen L. Crocker, *Magistrate Judge*. |

**O R D E R**

Wisconsin inmate Darrin Gruenberg appeals the denials of his successive motions for recruitment of counsel before he proceeded to trial before a jury in his excessive-force suit against two prison guards. Because the district court reasonably considered the complexity of the case and Gruenberg's ability to litigate it, we affirm.

---

[*] After examining the briefs and the record, we have concluded that oral argument is unnecessary. The appeal is thus submitted on the briefs and the record. *See* FED. R. APP. P. 34(a)(2)(C).

During an altercation with two guards (Dustin Kingsland and Steven Mueller) at the Columbia Correctional Institution, Gruenberg—then in leg restraints—was kneed in the face hard enough that he bled. Gruenberg, whom the two guards had escorted from the prison law library to his cell, had not complied with orders to get on his knees so that the leg restraints could be removed. How the scuffle began, however, was disputed. Gruenberg maintained that he was needlessly attacked after turning to talk to Kingsland; the officers testified that Gruenberg lunged at Kingsland.

Gruenberg first moved for recruitment of counsel shortly after the guards had been served in the case. Applying the standards we announced in *Pruitt v. Mote*, 503 F.3d 647 (7th Cir. 2007) (en banc), the district court denied the motion, concluding that the case was not factually or legally difficult and that Gruenberg had personal knowledge of the circumstances concerning his suit.

Less than a month later, Gruenberg renewed his motion to recruit counsel on grounds that he had a limited supply of writing materials and postage stamps. The court denied the motion, noting that it was not yet clear that Gruenberg's access to the courts genuinely had been compromised.

After the guards decided not to file a motion for summary judgment, Gruenberg again requested a lawyer. The district court denied this request, explaining that Gruenberg so far had capably represented himself—pursuing discovery according to the Federal Rules of Civil Procedure, supporting his motions with citations to proper legal authority, and filing coherent and well-written submissions—and believed that he would be able to adequately present his case to a jury.

Two weeks before trial, Gruenberg moved to recruit counsel a final time. The district court denied the motion, reiterating that Gruenberg was capably representing himself and characterizing the issues for trial as "straightforward" and related "purely to credibility."

Gruenberg proceeded to represent himself at the jury trial. He called his own witness (another inmate who heard the altercation) and cross-examined Kingsland, Mueller, and the other prison officials who testified for the guards. At times the district court guided Gruenberg, explaining how to present evidence and question witnesses. The jury returned a verdict for the guards.

On appeal Gruenberg speculates that a lawyer would have helped him in a number of ways at his trial. But such a post hoc evaluation of prejudice is inappropriate unless the district court abused its discretion in denying Gruenberg's requests for counsel. *Bracey v. Grondin*, 712 F.3d 1012, 1018 (7th Cir. 2013); *Pruitt*, 503 F.3d at 659. The court had to consider only whether, given the difficulty of the case, Gruenberg appeared competent to litigate it. *Pruitt*, 503 F.3d at 654. That's exactly what the court did, and thoughtfully so.

AFFIRMED.